In the Matter of the Judicial Settlement of the Accounts of EVERETT S. HISCOX and Another, as Executors, etc., of DAVID HISCOX, Deceased.— Decree of the Surrogate's Court of Suffolk county reversed on the law, with costs, and application of petitioner granted, with costs. The final order entered in the Surrogate's Court, Suffolk county, on the 30th day of November, 1914, directed Everett S. Hiscox and Jesse F. Hiscox, as executors of David Hiscox, deceased, to pay to Harriet M. Hughes, the petitioner herein, the annuity of $1,000 per year from 1907 to 1914, under the will of the testator, " out of the net proceeds of the Hiscox Chemical Works." This was an adjudication that the executors were accountable for the profits of the business in their representative capacity as

executors of the estate. This decree was affirmed on appeal both by this court and by the Court of Appeals. [*Matter of Hiscox*, 175 App. Div. 941; affd., 220 N. Y. 772.] In that proceeding the findings and judgment in the *Rawolle* case were pleaded and urged as *res adjudicata*, and this plea was decided adversely to the executors. From this it follows that the possession of the business by the executors, as such, related back to the time of the death of the testator, and that profits thereafter earned in the business became the property of the estate to be accounted for by the executors. It sufficiently appears by an affirmative allegation of the answer herein that the business has earned sufficient funds to pay the petitioner's annuity. We think the surrogate's decree of November 30, 1914, is *res adjudicata* in the proceeding at bar, and that the Rawolle judgment is not. Were it not for the prior adjudication made by the final order of the Surrogate's Court of November 30. 1914, affirmed by this court and the Court of Appeals, we would have adopted all of the facts and conclusions of law found by the court below, and affirmed the final order. Kelly, P. J., Rich, Kelby, Young and Kapper, JJ., concur. Settle order on notice, containing findings to conform to this decision.